Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
433 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@comcast.net (e-mail)

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROSARIO L. FERNANDEZ, an individual, | Case No.:  C 06-2070  SI |
| Plaintiff, | |
| v. | **COMPLAINT  FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT** |
| ESKANOS & ADLER, a professional corporation, and Does One through Twenty, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |
| _____ / | |

## INTRODUCTION

1.     Plaintiff brings this action under the authority of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692o ("FDCPA") and California state law protecting individuals' rights to privacy.  Plaintiff asks for statutory damages in the amount of $1,000, actual damages to be determined at trial for emotional upset and invasion of Plaintiff's privacy, attorney's fees, and costs of litigation.

## JURISDICTION AND VENUE

2.     Jurisdiction in this Court is conferred by 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.  Declaratory relief is available under the authority of 28 U.S.C. §2201.  Supplemental jurisdiction for the state law claim arises pursuant to 28 U.S.C. § 1367.  Venue is proper in this district because Plaintiff resides in this district, Defendants transact business in this district and the acts of Defendants occurred in this district.

## PARTIES

3.    Plaintiff Rosario L. Fernandez ("Ms. Fernandez") is an individual who resides in San Francisco, California, and is a consumer as defined by 15 U.S.C. § 1692a(3).

4.    Defendant Eskanos & Adler ("E & A") is a professional law corporation whose principal business is the collection of consumer debts.  E & A is a debt collector as defined at 15 U.S.C. § 1692a(6), and E & A's  business practices are subject to the FDCPA.

5.    The Defendants Does One through Ten direct and control the policies, practices, and procedures of Defendant E & A, are responsible for the acts complained of herein, and are employed by Defendant E & A.  Does One through Ten are debt collectors as defined at 15 U.S.C. § 1692a(6), and are subject to the FDCPA.

6.    The Defendants Does Eleven through Twenty are employed by Defendant E & A as debt collectors as defined at 15 U.S.C. § 1692a(6) and are subject to the FDCPA.

7.    Defendants E & A and Defendants Does One through Twenty are hereafter collectively referred to as "Defendant," unless otherwise stated.

## FACTUAL ALLEGATIONS

8.    Sometime within four years last past, Plaintiff incurred a debt to Discover Card that was primarily for personal, family, and household use.  The debt was thereafter assigned, placed, or otherwise transferred to Defendant for collection.

9.    Sometime in mid-2005, one of Defendant's debt collectors, whose name is unknown to Plaintiff and who is sued herein as Doe Eleven, called Plaintiff at her place of employment, the Hebrew Home for the Aged, where Plaintiff is employed as a kitchen helper.

A.    Doe Eleven was verbally aggressive and demanded that Plaintiff immediately pay the debt to Discover Card..

B.    Plaintiff told the caller she was not allowed to discuss personal matters at work and was unable to pay the debt, and asked Doe Eleven not to call her at work.

C.     Doe Eleven ignored Plaintiff's request not to call her at work, and badgered her about paying the debt.

D.    Plaintiff was uneasy, and felt humiliated by the aggressive and abusive

1  nature of Doe Eleven's call, and terminated the call by telling Doe Eleven she had to get

2  back to work and Doe Eleven should not call her at work..

3  10.    Notwithstanding Plaintiff's telling Doe Eleven that she was not allowed to take

4  personal calls at work, Doe Twelve, thereafter called her at work.

5           A.    Doe Twelve was verbally abusive and demanded that Plaintiff

6  immediately pay the debt to Discover Card..

7           B.    Plaintiff told the caller she could not discuss personal matters at work, and

8  asked Doe Twelve not to call her at work.

9           C.     Doe Twelve ignored Plaintiff's request not to call her at work, and

10  badgered her about paying the debt.

11           D.    Plaintiff was uneasy, and felt humiliated by the aggressive and abusive

12  nature of Doe Twelve's call, and stated she had no money because she was taking care of

13  her sick sister.

14           E.    On so stating, Plaintiff was upset and humiliated because of the need to

15  offer the personal information about her sick sister as to the reason for being unable to

16  pay the debt.

17  11.    Notwithstanding Plaintiff's telling Doe Twelve that she was not allowed to take

18  personal calls at work, Doe Thirteen thereafter called her at work.

19           A.    Doe Thirteen was verbally aggressive and abusive and demanded that

20  Plaintiff immediately pay the debt to Discover Card..

21           B.    Plaintiff told the caller she could not discuss personal matters at work, and

22  had no money, and asked Doe Thirteen not to call her at work.

23           C.    Doe Thirteen  ignored Plaintiff's request not to call her at work, and

24  badgered her about paying the debt, and stated Plaintiff should have her husband pay the

25  bill.

26           D.    Plaintiff was uneasy, and felt humiliated by the aggressive and abusive

27  tone of Doe Thirteen's call, and told Doe Thirteen that her husband was a seaman and she

28  did not know his whereabouts.

COMPLAINT - FERNANDEZ V.                              CASE NO.: C 06-2070
ESKANOS & ADLER                          3

E.      Doe Thirteen ridiculed Plaintiff for not knowing the whereabouts of her husband.

F.      Plaintiff was upset and felt humiliated by having to discuss personal information regarding her husband.

12.     As a result of these calls to Plaintiff's place of employment, the aggressive and hostile tone of the Defendants, and their inquiries into personal maters, Plaintiff was upset, anxious and humiliated, and fearful that she would be reprimanded by her employer, and her reputation at work would suffer or her employment would be terminated.  She was unable to sleep for many nights, and was apprehensive about answering the phone.

13.     Plaintiff has suffered actual damages as a result of these alleged collection calls.  Damages are in the form of anxiety, anger, emotional upset, fear, humiliation, troubled sleep, and loss of appetite.

## CAUSES OF ACTION

### COUNT I
(Violation of the Federal Fair Debt Collection Practices Act)

14.     Plaintiff incorporates by reference all of the foregoing paragraphs.

15.     The acts of Defendants alleged herein violate 15 U.S.C. § 1692c(a)(3), 15 U.S.C. § 1692d and d(5), and 15 U.S.C. § 1692f.

16.     As a result of Defendants' violation of the FDCPA, Plaintiff is entitled to actual and statutory damages.

### COUNT II
(Invasion of Privacy by Intrusion)

17.     Plaintiff incorporates by reference all of the foregoing paragraphs.

18.     Defendant intentionally interfered with the solitude, seclusion and private concerns and affairs of the Plaintiff.

19.     Defendant intentionally caused harm to Plaintiff's emotional well-being by engaging in offensive conduct in the course of collecting a debt, thereby invading and intruding upon Plaintiff's right to privacy.

20.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion,

COMPLAINT - FERNANDEZ V.                              CASE NO.: C 06-2070
ESKANOS & ADLER                          4

1   and private concerns and affairs.

2        21.     These intrusions and invasions by Defendant occurred in a way that would be

3   highly offensive to a reasonable person in Plaintiff's position.

4        22.     As a result of such invasions of privacy, Plaintiff id entitled to actual damages in

5   an amount to be determined at trial from each and every Defendant.

6                              **PRAYER FOR RELIEF**

7        WHEREFORE, Plaintiff prays that judgment be entered against each and every

8   Defendant for:

9        26.     **Count I.   Violations of the Fair Debt Collection Practices Act, 15 U.S.C. §**

10  **1692 et seq.:**

11           A.     for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1)

12  against each and every defendant;

13           B.     for an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. §

14  1692k(a)(2)(A) against each and every Defendant;

15           C.     for an award of costs of litigation and reasonable attorney's fees pursuant

16  to 15 U.S.C. § 1692k(a)(2)(B)(3); and

17       27.     **Count II.  Invasion of Privacy by Intrusion**:

18           A.     for an award of actual damages from each and every Defendant for the

19  emotional distress suffered as a result of the Defendant's invasions of Plaintiff's privacy

20  in an amount to be determined at trial; and

21           B.     such other and equitable relief as this Court may deem necessary or

22  proper.

23

24  Dated:  March 15, 2006             ___/s/ Irving L. Berg_____
                                       Irving L. Berg
25                                     THE BERG LAW GROUP
                                       433 Town Center, No. 493
26                                     Corte Madera, California 94925
                                       (415) 924-0742
27                                     (415) 891-8208 (Fax)

28                                     ATTORNEY FOR PLAINTIFF

1

## **JURY DEMAND**

2        Plaintiff demands trial by jury.

3   Dated:  March 15, 2006                           /s/ Irving L. Berg
                                              Irving L. Berg
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT - FERNANDEZ V.                          CASE NO.: C 06-2070
ESKANOS & ADLER                        6